Good morning. Ryan Moore on behalf of Mr. Raya-Baez. I'd like to reserve two minutes for rebuttal. The district court erred in this case in holding that a prior state conviction was a predicate offense for sentence enhancement purposes, thus doubling the guideline range from approximately three years to approximately six years. It was plain at the time that relying on a pre-sentence report that contained only facts and not a statute of prior conviction was error. Even if we assume for the sake of argument that the district court judge located the Arizona's prior statute of conviction and examined it, it was still plain under existing case law at the time that the Arizona statute was overbroad. First, the courts since 1990 in the Taylor decision have been analyzing whether a prior state conviction that may be titled the same name of offense as in the Crime and Violence Guideline, burglary, sexual abuse of minors, statutory rape, aggravated assault, categorically fits that definition. And it's clear that just because the title of the offense is the same that more inquiry needs done. But moreover and most important, there was one published case from the circuit analyzing the definition of the generic offense of kidnapping as used in the crime and violence definition. That was Gonzales-Perez. And in that case, the court very clearly referenced two sources in determining the definition of generic kidnapping for purposes of that case. And those two sources were the model penal code as is frequently referenced to define generic offenses. Counsel, as a preliminary matter, why wasn't this issue weighed? Your Honor, the government argues waiver in this case. But this Court has held that when an attorney at sentencing agrees with a 16-level guideline enhancement, that does not constitute waiver. Well, in the usual circumstance, if it's kind of a superficial agreement. But in this case, there was a continuance to allow the attorney to specifically investigate whether or not the prior crime was a crime of violence. So that was a considered decision as opposed to an unknowing decision.  It's apparent from the request for a continuance that trial counsel was aware that the prior may or may not have been a crime of violence. But it is apparent from the record that trial counsel was not aware that the Arizona kidnapping statute was overbroad. And that's the issue. That is what, in a sense, if the Court finds waiver, it's holding that the defendant waived in this right, in this matter, the right to challenge whether or not it was overbroad. Moreover, there's – it's clear from the attorney's statements in the record where she says things like, I agree with the enhancement based on my understanding of the law, that she missed the categorical approach issue that is present in this case in which the government does not now appear to contest. In Jimenez, it was essentially the same thing. The 2001 case where this Court held that agreement with the 16-level enhancement at sentencing was not waiver. The Seventh Circuit – But that was different because there was not the circumstance. Waiver is a relinquishment of a known right. And so this attorney in this case knew that there was an issue about whether or not this was a prior crime of violence. In Jimenez, there was not that knowledge and a specific focus on that issue. So that's why I'm not sure that Jimenez carries the day for you. Based on my reading of the record, it appears to me that it's – the attorney simply missed the issue. Had the attorney seen the issue, it should have been raised, there should have been an objection. Well, what you're saying is that this was never argued to the district court. That's right. Even though the attorney asked for time to look at any possible defenses and study the issues related to the statute. That's right. And there have been other cases where this Court has held that where an attorney – for example, I'm thinking of the CSI case where the attorney acknowledged that there was an issue and then didn't proceed with that issue, that the Court held that to be waiver. The difference in this case is that here the attorney agreed with a legal conclusion as to the legal significance of a prior conviction, not to facts in the PSR, which were from some judicially noticeable source. But attorneys can stipulate to legal conclusions. They do it all the time. This Court, as well as the Seventh and the Second, has held that, at least in the sentencing context, that an attorney's agreement – mistaken agreement with a legal conclusion does not constitute waiver. And the Second has articulated it a bit differently, reasoning that essentially applying a relaxed plain error standard in sentencing cases where the cost of correcting an unpreserved error is not as great as in the trial context. And that's Gomez 577, Fed Third 394. So the C case that you cited, that case said that the defendant relinquished the argument, didn't it? It did. And the difference there was that, as well as in the Gaither case, was that the – well, in C the defendant had the burden. That alone distinguishes it. But in C and both in Gaither, the issue was factual. The defendant was essentially in Gaither. He did not object to facts in the PSR that were the basis for an obstruction enhancement. In C, the defendant did not put forth facts to meet his burden to show sentencing entrapment. And so this Court, as it's held in Jimenez, has distinguished waiver where the attorney – I'm sorry – has applied waiver where the attorney fails to object to facts in a PSR, but where the issue is failure to object to legal conclusions as to whether or not there was entrapment. But in C it was entrapment. The legal issue was whether or not there was entrapment, and he relinquished the entrapment argument, which is a legal issue, not the facts as to whether or not he was predisposed. He relinquished the legal argument as to whether or not there was entrapment. The issue was sentencing entrapment for sentencing purposes. Excuse me. And it would have been the defendant's burden in that case to come forth with facts to establish that sentencing entrapment. But the fact of the matter is that he relinquished a legal argument, not a factual predicate. The way I see it, he relinquished both in that case. He didn't put forth the facts he needed, thus agreeing that the facts – that he didn't have the facts, essentially. He had also relinquished the legal argument. But there, there was clearly evidence that he was aware of the legal argument that sentencing entrapment was a potential basis for a sentencing reduction because he acknowledged it in a letter to the Probation Office. Here, there's no evidence in the record that counsel was aware that the Arizona kidnapping statute was overbroad of the categorical issue here. Okay. Was it – is it only the kidnapping crime that's at issue here on the map? The district court in the pre-sentence report only applied the enhancement for the prior Arizona kidnapping offense, yes. Okay. The government – the issue was plain because of Gonzalez-Perez. And that should have caused the district court to consult the two sources in Gonzalez-Perez, the model penal code. And had the court done that, it could have – it would have been apparent, obvious, just simply by comparing the Arizona statute with the model penal code, that Arizona statute's overbroad. Likewise, in Gonzalez-Perez, the court held that the district court can look to a treatise. It doesn't have to do the in-depth, case-by-case, State-by-State analysis I have done here. It can look to, in that case, the Lefebvre treatise, which summarized what the states do. And it would have been apparent that the statute was overbroad. This case is really just like Pimentel-Flores. In that case, the court remanded because the PSR was essentially the same as it was here. And the court found that the defendant met his burden to show that his substantial rights were violated in that case because of the language in the PSR. The statute there, assault in violation of a court order, clearly raised an issue as to whether or not the sentence was being enhanced based on a recidivist enhancement. All right. You have about a minute left if you want to. I'll reserve the remainder of my time. Thank you. Good morning. Joan Rufinock, appearing on behalf of the United States. This is a case of waiver. In the request for 60-day continuance for sentencing, defense counsel specifically stated, and this is at page 58 and 59 of the SCR, that defendant is adamant that use of his prior convictions as sentence enhancements is improper and has instructed me to strenuously investigate and research all possible objections to their use for this purpose. After the 60-day extension, she filed a sentencing memorandum with the court in which she said that the crime of conviction was a crime of violence. This is not a case where there was inadvertence or negligence. Defense counsel obtained the sentencing transcript from the state sentencing in which the court, the state court, found the defendant and two additional individuals were guilty of kidnapping and sexual assault, and the court sentenced on both of those, or on all three of those, all three of those individuals on multiple counts, the conviction for kidnapping as well as the sexual assault. What's your response to opposing counsel's argument that counsel cannot stipulate to a legal conclusion, rather only to factual premise? I believe that the records or the case law supports and the C case that the court was talking about, that you can stipulate to a legal conclusion, particularly where the record demonstrates that she has done sufficient factual investigation as well as legal investigation to satisfy herself that the sentencing enhancement was appropriate. This isn't a case where she was unaware of the issues. The defendant was adamant that his prior conviction should not result in the 16-level enhancement. So she went out and she got at the very least the sentencing transcript from that proceeding. Now, the record is muddled in this case because the government did not submit the appropriate documents, and we admit that up front. But on the other hand, we know that at least the sentencing transcript was before the defense counsel and the district court, and in that sentencing transcript, the court makes a finding that the jury was required to find an element of force in the trial. Therefore, the government submits that, knowing the elements of kidnapping, the Arizona kidnapping statute, which provides for restraint of liberty for a nefarious purpose, which in this case was the sexual assault, that the district court and defense counsel were both aware that at the very least the conviction would qualify as a crime of violence under the modified categorical approach. But if this issue was not waived, would the failure to even include the statute of conviction in the sentence result in a reversal? This Court has said that it's plain error not to include the statute of conviction. However, in this case, this isn't a case where it's just a blank record, because there is in the record the state sentencing court transcript. But it doesn't contain the statute of conviction, though. It contains a statute, and concededly, the state court judge obviously misspoke, because she said it was 13-3404, where, as Mr. Rayabias has conceded, since 1978 in Arizona, the statute for kidnapping has been 13-1304.  And it's unclear, because the Court did misspeak, but this Court has said previously that you can look to the most reasonable or most probable section that the Court was referring to and draw from that. That is... I believe even... Oh, Potter. U.S. v. Potter? U.S. v. Potter. And that's actually quoted in Jimenez. And what it said was, in Potter, the Court identified the section of the California Penal Code that most closely correlated with the description of the defendant's offense, and defense didn't say it wasn't that offense. This Court went forward and conducted the analysis. Well, if I understand what you're saying, it is that with respect to the merits, if you look, even though kidnapping alone, the Arizona statute may not coincide with the model code and all of the elements that are in the traditional kidnapping, that in this case, because the charge was kidnapping, that is, restraint for purposes of committing sexual assault, the element of force had to be there? Correct. And then adding to that, because the State Court transcript specifically, the State Court judge specifically recognized that force was an element of that sexual offense. And I take it, even though the record was a little, the State Court record got a little muddled, there was no doubt in anybody's mind about what the crime of conviction was? That's correct. And the government submits that. It's not the court's, the State Court's finding that minimal force or less than severe force was used in the offense that's at, that's of significance here. What's of significance is in sentencing, the State Court judge recognized that it had to make a finding with regard to level of force for aggravating or mitigating circumstances, and it therefore recognized the element of force was an element in this case, and therefore she had to make that finding. So it's that recognition that's important to this case. If we were simply to hold that it was waived, are we going to wind up with a habeas case, a challenge to the sentence? I would submit that you're not, for the very reason that this was a knowing and intentional. Would it be an ineffective assistance? I guess that's my question. Would the argument be then on a habeas case that that was ineffective assistance? There can always be an ineffective assistance challenge. And if there were an ineffective assistance challenge in this case, the government strongly believes that it would be overcome simply by admitting documents that weren't admitted at the district court sentencing hearing. Now the government doesn't contend that this is categorical, does it? The government didn't conduct a categorical analysis in this case because... Right. So we're talking about modified categorical. And what documents have been provided by the government to establish that? That would be the state court sentencing transcript. That's the designated documents that are proper for that. I'm unaware of any case law that says it's specifically accepted, but the government submits that in this case it should be, again, because it's not the factual findings of the state court judge that the government is relying upon. It's the fact that the state court judge recognized that force was an element of the offense and that that is a finding that a judge would make in not in the ultimate sentencing, but in giving it the authority to go forward in sentence. And the transcript is a part of this record? The transcript is a part, it was submitted by defense attached to its sentencing memorandum in which it said this is a crime of violence, but arguing for mitigation. And the government suggests that it was clearly appropriate on the information in front of defense counsel for her to have made that conclusion, that it was a plausible argument for her to make to concede crime of violence but argue for mitigation, which she successfully did because she got a 17-month reduction in the sentencing guidelines. So, counsel, you didn't cite the Potter case in your brief. I did not, Your Honor, but it's in the Jimenez case, which is cited, and so I apologize for that, but it's addressed in Jimenez, which is cited, at least in my brief. Right, but this is a pivotal part of your argument. It would appear to me that you would bring our attention to that case, because that's a very important point in this case, whether or not we can rely on a statute that was not clearly articulated in the record, so. It is, and I apologize to the Court. I should have cited it. Are there any further questions? That's a very good reason, is it not, for the requirement that the government provide the statute? There is a very good reason for that, Your Honor. And it would have been helpful to this case, and the government doesn't deny that. All right. Thank you. There was no waiver in this case because there was no tactical reason for the trial attorney to forego the 16-level challenge. Even if the Court finds indications that she was aware, there was no tactical reason. And the Seventh Circuit has said, why would anybody waive the right to challenge an enhancement that doubles the sentence? The tactical reason, that's required by this Court in Perez-Numbank case. It's important in this case that although the kidnapping conviction came at the same trial as the sexual assault conviction, there is no information in the record from judicially noticeable sources that the jury found or was required to find that the sexual assault was the intended nefarious purpose of the kidnapping in this case. Or there – neither are there any findings concerning the age of the victim in that case or whether there was consent, in fact, to the movement for kidnapping purposes. It may be tempting, as this Court in Lee, but importantly, the State transcript in which the judge discussed does not say that the Court instructed the jury to find that force was an element. That appears to be a finding for sentence enhancement purposes only. And – Do you want to finish your sentence? Thank you. Thank you. The case just argued is submitted.
judges: Hug, Schroeder, Rawlinson